BERTRAND L. GIFFIN, A.K.A. BERT L. GIFFIN, AND CATHERINE R. GIFFIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Giffin v. Commissioner
Docket No. 34912-87
United States Tax Court
T.C. Memo 1992-253; 1992 Tax Ct. Memo LEXIS 275; 63 T.C.M. (CCH) 2908; April 30, 1992, Filed *275 An appropriate order will be issued. Peter A. Cohen, for petitioners. James P. Dawson, for respondent. PAJAK
PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: All section numbers refer to the Internal Revenue Code for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure. This case is before the Court on respondent's motion for partial summary judgment and petitioner's cross-motion for summary judgment under Rule 121. The issue we must decide is whether the statute of limitations under section 6501 bars the assessment and collection of petitioners' 1982 Federal income tax deficiency. Respondent also filed a motion for damages (a penalty) under section 6673(a)(1). Petitioners filed a response to respondent's motion. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners Bertrand L. Giffin and Catherine R. Giffin (petitioners), resided in La Habra, California, when they filed their petition. Petitioners' 1982 Federal income tax return was timely filed with the Internal Revenue Service Center in Fresno, California. On July 2, 1984, revenue agent Thomas Donovan was assigned *276 to examine petitioners' 1982 Federal income tax return. Agent Donovan's post of duty was Santa Ana, California, located in the Laguna Nigel Internal Revenue District. By letters dated January 31, 1985, and February 19, 1985, to the Internal Revenue Service (IRS) office in Santa Ana, California, petitioners requested that the examination of their 1982 return be transferred from Santa Ana, California, to El Monte, California. Respondent's office in El Monte, California, is part of the Los Angeles Internal Revenue District. The examination of petitioners' 1982 return was transferred from the Laguna Nigel district to the Los Angeles district by March 15, 1985. By an August 27, 1985, letter, petitioners were notified that the El Monte office was considering their 1982 return, and that office also requested an extension of the limitation period on an enclosed consent Form 872-A. Petitioners' representative of record, Roberta Nardoni, on September 18, 1985, and respondent, on September 23, 1985, timely executed the Form 872-A. The Form 872-A signed by the respective parties provided as follows: BERTRAND L GIFFIN & CATHERINE R GIFFIN TAXPAYER(S) OF 1020 N ORANGE LA HABRA, CA 90631 *277 AND THE DISTRICT DIRECTOR OF INTERNAL REVENUE OR REGIONAL DIRECTOR OF APPEALS CONSENT AND AGREE TO THE FOLLOWING: (1) THE AMOUNT OF ANY FEDERAL INCOME TAX DUE ON ANY RETURNS MADE BY OR FOR THE ABOVE TAXPAYER(S) FOR THE PERIOD ENDED DECEMBER 31, 1982, MAY BE ASSESSED ON OR BEFORE THE 90TH (NINETIETH) DAY AFTER: (A) THE INTERNAL REVENUE SERVICE OFFICE CONSIDERING THE CASE RECEIVES FORM 872-T, NOTICE OF TERMINATION OF SPECIAL CONSENT TO EXTEND THE TIME TO ASSESS TAX, FROM THE TAXPAYERS, OR (B) THE INTERNAL REVENUE SERVICE MAILS FORM 872-T TO THE TAXPAYERS, OR (C) THE INTERNAL REVENUE SERVICE MAILS A NOTICE OF DEFICIENCY FOR SUCH PERIODS * * *.
On October 1, 1985, Mr. George Suzuki from the IRS office in El Monte, California, returned to petitioners an executed copy of the Form 872-A. By letter dated October 15, 1985, Peter A. Cohen, Esq. mailed to agent Donovan a Form 2848, Power of Attorney, and requested the termination of petitioners' previous consent to extend time under section 6501 with respect to their 1982 tax year. The letter stated in part: "You may consider this letter in all respects as equivalent to a Form 872-T, Notice of Termination of Special Consent to Extend *278 the Time to Assess Tax for the period ending December 31, 1982." At trial, petitioners conceded that Mr. Cohen's October 15, 1985, communication was not a valid Form 872-T and that it was not effective in accomplishing its stated purpose. On April 16, 1987, Mr. Cohen mailed a properly executed Form 872-T to agent Donovan at his post of duty in Santa Ana, California. The instructions which accompanied the Form 872-T provided that: If the tax return(s) to which this notice applies is under consideration by the Examination Division, mail this notice to the District Director of Internal Revenue having jurisdiction over the return(s), Attention: Chief, Examination Division.
Agent Donovan was not the Chief of the Examination Division having jurisdiction over petitioners' 1982 tax year. Mr. Cohen's letter and Form 872-T were received by the IRS office in Santa Ana, California, on April 22, 1987. Mr. Cohen's April 16, 1987, communication was not addressed to the "Chief, Examination Division", nor was it sent to the IRS office considering petitioners' 1982 tax year. At the time the Form 872-T was sent to agent Donovan, petitioner's 1982 tax year was under consideration by the *279 Examination Division in respondent's Los Angeles, California, district office. Neither petitioners nor their authorized representatives ever mailed a Form 872-T to the "Chief, Examination Division", in the Los Angeles district office. Mr. Cohen's letter and Form 872-T did not come to agent Donovan's attention until May 18, 1987. Agent Donovan was not sure how to associate the Form 872-T with petitioners' then current file. Petitioners' Form 872-T was eventually routed to and received by respondent's Los Angeles district office on June 11, 1987. A September 2, 1987, notice of deficiency for the years 1979, 1980, and 1982 was mailed to petitioners by respondent's Los Angeles, California, district office. OPINION The first issue for decision is whether the statute of limitations bars the assessment of income tax for the taxable year 1982. The general rule provided by section 6501(a) is that taxes must be assessed within 3 years from the date the tax return was filed. The Secretary and a taxpayer may enter into an agreement altering the general rule by extending the period for assessment. Section 6501(c)(4). A taxpayer's consent to extend the period of time for assessment of *280 an income tax beyond the statute of limitations is a unilateral waiver of a defense. The agreement is not a contract. ; . However, contractual principles are significant because section 6501(c)(4) requires that the parties reach a written agreement as to the terms of the extension. ; Petitioners and respondent extended the period of limitations with respect to petitioners' 1982 tax year by executing the Form 872-A. That form provides that an assessment can be made by respondent, with respect to petitioners' 1982 tax year, any time "ON OR BEFORE THE 90TH (NINETIETH) DAY AFTER: (A) THE INTERNAL REVENUE SERVICE OFFICE CONSIDERING THE CASE RECEIVES FORM 872-T * * * FROM THE TAXPAYERS". Moreover, the instructions accompanying Form 872-T explicitly state that the form is to be sent to the "District Director of Internal Revenue having jurisdiction over [petitioners'] return(s), Attention: Chief, Examination Division". The obvious purpose of these *281 instructions is to insure that the appropriate persons within the IRS have sufficient time (90 days) to protect the Government's interests, after having received actual notice that the time for assessment is coming to an end. . Furthermore, "meticulous compliance by the taxpayer with all named conditions" is necessary to start the running of the statute of limitations on assessment. . Mr. Cohen disregarded these instructions, and sent the Form 872-T to the wrong person and to the wrong district office. As a result, the 90-day time frame governing the issuance of the notice of deficiency did not begin to run against the government until the Form 872-T was received by the IRS office considering petitioners' case. ; See also , affg. per curiam an Order of this Court. The Form 872-T was not received by the IRS office considering petitioners' 1982 tax year until *282 June 11, 1987. Accordingly, the notice of deficiency mailed to petitioners on September 2, 1987, was timely. Respondent's motion for partial summary judgment on this issue will be granted, and petitioners' motion for summary judgment on this issue will be denied. Respondent further contends that a penalty pursuant to section 6673(a)(1) [1] should be imposed against petitioners in the amount of $ 5,000 on the grounds that petitioners' counsel has abused the discovery process in an attempt to both harass respondent and to support his arguments on the statute of limitations issue. We find that the volume of discovery in this case was excessive by both parties and warn counsel that if either of them continues to act in such fashion, the Court will be inclined to make counsel liable for excessive costs under section 6673(a)(2). [2] Respondent's motion under section 6673(a)(1) is denied. *283 The Court has filed its opinion in , which is the test case for the Southampton Music Company master recording program, and the Court expects the parties to settle this case in accordance with that opinion. An appropriate order will be issued. Footnotes
1. Section 6673(a), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides in pertinent part that: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * *↩
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. 2. Section 6673(a) provides in pertinent part that: (2) COUNSEL'S LIABILITY FOR EXCESSIVE COSTS. -- Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably and vexatiously, the Tax Court may require -- (A) that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct, or (B) if such attorney is appearing on behalf of the Commissioner of Internal Revenue, that the United States pay such excess costs, expenses, and attorneys' fees in the same manner as such an award by a district court.↩